UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 1:19-CR-00016 |
| INDIVIOR INC. (a/k/a Reckitt Benckiser : | |
| Pharmaceuticals Inc.) and : | |
| INDIVIOR PLC : | |

## UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO MODIFY DISCLOSURE ORDER

The United States respectfully objects to the defendants' motion to modify disclosure order because their proposed order would provide inadequate safeguards against use of the discovery documents for purposes other than defense of the case.

The United States did not object to the lifting of restrictions on documents the United States obtained from the defendants and, accordingly, the Court entered an order to that effect (Doc. 96). The vast majority of the documents produced in discovery were, in fact, obtained from the defendants. Accordingly, the universe of documents remaining subject to the court's restrictions is relatively small. That universe includes particularly sensitive documents, such as the following:

1. grand jury testimony,
2. other testimony obtained under oath in non-public proceedings,
3. reports of interviews of witnesses,
4. documents obtained from other pharmaceutical companies and contractors, including the defendants' competitors,
5. documents identifying individuals seeking to obtain opioid addiction/dependence treatment, and

1

6. internal Food and Drug Administration documents.

The concern that documents and the material in those documents could be used for improper purposes is legitimate. The pharmaceutical industry is extremely competitive. Accordingly, individuals who have access to the discovery materials will have a strong incentive to use the materials for business purposes. Also, many of the witnesses who provided information in this investigation are still involved in the pharmaceutical industry. As such, they remain subject to intimidation or retaliation through unauthorized disclosure of their involvement. In addition, this case has received widespread news coverage. Accordingly, if not properly supervised, some may see an opportunity to surreptitiously provide information included in the discovery materials.

The government has made a robust disclosure in this case to ensure the defendants can adequately prepare for trial. It did not provide the materials to allow Indivior to advance its business interests or intimidate witnesses by disclosing their identity and statements. Accordingly, adequate safeguards should be in place to protect against misuse and to ensure that if such misuse occurs a record will be in place of precisely who had access to documents so that a contempt investigation will not be fruitless.

Defense counsel argues the Court's disclosure order puts an undue burden on the defendants because defense counsel is required to be present when the relatively small set of documents which remains subject to the order are disclosed to the defendants. The defendants are represented by Jones Day which, according to the National Law Journal, has over 2,500 attorneys, including attorneys stationed in the United Kingdom and Washington, DC. The defendants are also represented by Gentry Locke, which advertises it has offices in Roanoke, Lynchburg, and Richmond, where the defendants are headquartered. Indivior has not shown

these law firms lack sufficient resources to comply with the Court's order without incurring significant hardship.

If defense counsel has a specific need to share materials to an expert outside the presence of counsel, the Court can entertain the request. If appropriate, the Court can authorize the disclosure and issue an order to be served on the expert. That order could specifically direct the expert to not disclose the materials or its contents and put the expert on notice that a violation of the Court's order will subject the expert to a contempt prosecution. By requiring (a) a showing of a particularized need and (b) a specific Court order as to each expert to whom materials are provided, the Court will retain some ability to ensure that discovery materials are used properly.

The order proposed by the defense would allow defendants' to disclose sensitive information merely by including it in a filing with the court. Under the proposed order, defense counsel could, in a public document, list the names of individuals who were seeking drug treatment. Some safeguards should be in place to prevent such disclosures.

The disclosure order, as currently modified by the Court, allows defense counsel to robustly prepare for trial while maintaining safeguards to ensure that materials are not used for improper purposes and unnecessary disclosures of sensitive information are not made. Accordingly, the United States requests that the motion to further modify the Court's order be denied.

Respectfully submitted,

DANIEL P. BUBAR
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. Section 515

/s/Randy Ramseyer
United States Attorney's Office
180 West Main Street
Abingdon, VA 24210

3

Case 1:19-cr-00016-JPJ-PMS   Document 102   Filed 08/06/19   Page 3 of 4   Pageid#: 699

Tel: (276) 628-4161
Fax: (276) 628-7399
Email: USAVAW.ECFAbingdon@usdoj.gov
*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I certify that on August 6, 2019, I caused to be electronically filed the foregoing Response to Defendants' Motion to Modify Disclosure Order with the Clerk of Court via the CM/ECF system, which will send notification of the filing to all counsel of record in this matter.

/s/Randy Ramseyer