IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **MEMORANDUM ORDER** <br> Case No. 1:19cr00016 |
| INDIVIOR INC. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.), and <br> INDIVIOR PLC, <br>   Defendants | |

This matter is before the court on two motions filed by the defendants, Indivior, Inc., and Indivior, PLC:

1. Defendants' Motion To Compel, (Docket Item No. 117); and
2. Defendants' Motion For Bill Of Particulars, (Docket Item No. 136).

These motions were heard before the undersigned by telephone conference call on October 1, 2019. Based on the arguments and representations of counsel, the Defendants' Motion To Compel is **DENIED**, and the Defendants' Motion For Bill Of Particular is **DENIED.**

The Superseding Indictment returned in this case charges both defendants with one count of conspiracy to commit wire, mail and healthcare fraud, in violation of 18 U.S.C. § 1349, one count of healthcare fraud, in violation of 18 U.S.C. §1347, four counts of mail fraud, in violation of 18 U.S.C. §1341, and 22 counts of wire fraud, in violation of 18 U.S.C. § 1343. (Docket Item No. 115.) The Superseding Indictment alleges that these offenses occurred between 2006 and the date of the

1

indictment, August 14, 2019 -- a span of more than 12 years. The Superseding Indictment is 46 pages in length and contains a detailed description of the Government's allegations regarding the defendants' conduct.

In their motion, the defendants seek a bill of particulars "identifying, separately and specifically" for each defendant, the following:

1. Every false or fraudulent statement or representation the government intends to introduce at trial;
2. The factual basis for the government's assertion that any such statement or representation is false or fraudulent;
3. Every action or communication supporting the claim that Indivior's marketing aided or abetted physicians in prescribing or dispensing Suboxone Film in a "careless and clinically unwarranted manner," including:
   a. The identity of any relevant Indivior representatives;
   b. The identity of any relevant physicians or other health care providers;
   c. The details surrounding the alleged actions or communications that purportedly caused the relevant physicians to prescribe or dispense Suboxone Film in a "careless and clinically unwarranted manner;"
   d. The basis for concluding that the prescribing or dispensing was "careless and clinically unwarranted;" and
   e. The link between any false or fraudulent statements to the purported "careless and clinically unwarranted" prescribing practices;
4. The identity of all co-conspirators;
5. The nature of any agreements or agreements supporting the asserted conspiracy charge, including:
   a. When the agreement took place (approximate month and year);
   b. Where the agreement took [place] (the relevant judicial district); and
   c. The identity of the individuals or entities entering into the agreement.

2

6. The specific overt acts committed in furtherance of the alleged conspiracy;
   7. The locations to and from which each Here to Help call was made that allegedly resulted in a referral to Doctor A, including:
      a. The specific location from which each referral call originated;
      b. The location of the Here to Help call center where each referral call was answered; and
      c. The location of the doctor's office to which each referral was made;
   8. Any action attributable to Indivior PLC, including:
      a. The dates of any purported fraudulent conduct;
      b. The identity of any specific fraudulent documents reflecting action by Indivior PLC;
      c. Any fraudulent statements attributable to Indivior PLC; and
      d. The factual basis for the government's assertion that any such statement or representation is false or fraudulent.

The Government, in its response, (Docket Item No. 164), argues that much of the information the defendants are requesting through the issuance of a bill of particulars is provided in the Superseding Indictment. The Government further argues that a bill of particulars cannot be used to obtain discovery to which a defendant is not entitled under the Federal Rules of Criminal Procedure, to require the Government to reveal the details of its evidence prior to trial or to make the Government disclose how it will prove the crimes charged.

The grant or denial of a bill of particulars is within the court's discretion. *See United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987.) The Fourth Circuit has held that the purpose of a bill of particulars "is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). A bill of particulars is not part of

3

the indictment; therefore, it does not change or amend the charges as set forth in the indictment. *See United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). Instead, it "merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *Fletcher*, 74 F.3d at 53. Furthermore, this court has recognized that, to be sufficient, an indictment must disclose the time and place of the alleged offense. *See United States v. Jones*, 2017 WL 1169754, at *2 (W.D. Va. Mar. 24, 2017) (quoting 1 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE CRIMINAL § 130 (4th ed.)). In deciding whether a request for a bill of particulars should be granted, the court may consider the complexity of the crime charged, the clarity of the indictment and the degree of discovery or other sources of information available to the defendant. *See United States v. Coleman*, 2018 WL 1386265, at *4 (W.D. Va. Mar. 19, 2018) (quoting 1 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE CRIMINAL § 130 (4th ed.)). The provision of extensive discovery does not necessarily ameliorate the need for a bill of particulars, in that the amount of information provided may actually make it more difficult for a defendant to identify the specific conduct at issue. *See Coleman,* 2018 WL 1386265, at *5 (quoting *United States v. Modi*, 197 F. Supp. 2d 525, 530 (W.D. Va. 2002)). A bill of particulars, however, is not to be used to provide detailed disclosure of the government's evidence in advance of trial. *See United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

From the court's review of the Motion For Bill Of Particulars, the court agrees that much of the information sought by the defendants is contained in the Superseding Indictment. For instance, Paragraph Nos. 37, 39-72 set out specific statements made by specific executives, employees or agents of the defendants on specific dates, which the Government claims were materially false and fraudulent.

4

Case 1:19-cr-00016-JPJ-PMS   Document 220   Filed 10/16/19   Page 4 of 10   Pageid#: 1623

Paragraph 76 of the Superseding Indictment lists the specific marketing materials that the Government claims contained materially false and fraudulent statements and representations. Paragraph No. 76 further identifies the specific marketing materials distributed by the defendants which contained these statements. Paragraph No. 87 identifies a specific letter, and the specific statements and representations contained in the letter, which the Government claims were materially false and fraudulent. Paragraph Nos. 91-96 list specific communications on specific dates and identify the specific statements contained in the communications which the Government claims were materially false and fraudulent. Furthermore, Paragraph Nos. 1-148 of the Superseding Indictment contain the factual basis for the Government's allegation that these representations were materially false and fraudulent.

With regard to the defendants' argument that they need further information concerning the Government's claim that their marketing aided or abetted physicians in prescribing or dispensing Suboxone Film in a "careless and clinically unwarranted manner," Paragraph Nos. 103-112, 114-127 and 129-143 list specific conduct on specific dates directed at specific doctors which the Government claims aided, abetted, counseled, induced or procured the physicians to switch to prescribing Suboxone Film. These paragraphs allege that the actions were taken while these physicians were prescribing Suboxone in a careless and clinically unwarranted manner by exceeding the maximum allowable number of patients treated with Suboxone and where daily doses exceeded the maximum indicated for additional clinical advantage. While the Superseding Indictment identifies the executives, employees and agents of the defendants only by title, and the physicians only as Doctors A, B, C, D, the Government has represented to the court that the identities of these specific individuals are known to the defendants.

5

With the regard to the defendants' request for more specific information concerning the agreements supporting the conspiracy charges, the defendants misconstrue what is necessary to establish a conspiracy. While an essential element of a conspiracy charge is an "agreement" between two or more persons, it is necessary only to show an agreement to work in concert. *See United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996). Such agreements are rarely formalized and may be proven by circumstantial evidence and the context in which the circumstantial evidence is adduced. *See Burgos*, 94 F.3d at 857; see also *United States v. Riggs*, 801 F. Supp. 2d 519, 524 (W.D. Va. 2011) (quoting *Burgos*, 94 F.3d at 857, ("Because criminal conspiracies are 'clandestine and covert,' there is 'frequently… little direct evidence of … an agreement.'"). The facts alleged in the Superseding Indictment adequately set out the facts and circumstances that the Government may use to prove its conspiracy charge, and, therefore, provide sufficient information for the defendants to prepare their defense to the charge. Furthermore, the allegations of specific conduct contained in the Superseding Indictment spell out the specific overt acts that the Government claims were taken in furtherance of the alleged conspiracy.

Regarding any of the defendants' specific requests for information not addressed above, I find that these requests amount to nothing more than an effort to be provided with the Government's evidence in advance of trial and is not required by Federal Rules of Criminal Procedure Rule 16.

Turning to Defendants' Motion To Compel, (Docket Item No. 117), the defendants argue that they are entitled to additional information from the Government pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and/or Rule 16. *Brady* and its progeny require the Government to turn over exculpatory evidence to a defendant. Most recently, in *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), the

6

Supreme Court stated that "the prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." At least one Circuit Court of Appeals has interpreted the "prosecution" to include the entire prosecutor's office "as well as … other arms of the state involved in investigative aspects of a particular criminal venture." *Smith v. Sec'y of N. M. Dep't of Corrs.*, 50 F.3d 801, 824 (10th Cir. 1995). *Kyles* should not be read, however, to impose a duty on a prosecutor to learn of information possessed by other government agencies that were not involved in the investigation or prosecution of the case. *See United States v. Merlino*, 349 F.3d 144, 154 (3rd Cir. 2003); *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996); *see also United States v. Quinn*, 445 F.2d, 940, 944 (2nd Cir. 1971) (court rejected argument that knowledge on "any part of the government" is equivalent to knowledge on the part of the prosecutor).

Rule 16(a)(1)(E)(1) requires the Government, on the defendant's request, to produce evidence "within the government's possession, custody, or control" that is "material to preparing the defense…" FED. R. CRIM. P. Rule 16(a)(1)(E)(1). Evidence is within the Government's "possession, custody, or control" if the prosecution has knowledge of and access to it. *See United States v. Brodnik*, 710 F. Supp. 2d 526, 569 (S.D. W.Va. 2010). Prosecutors, however, are not required to provide documents and things "possessed by agencies which had no part in the criminal investigation or when the prosecution had no control over the agency officials who physically possessed the documents." *United States v. Libby*, 429 F. Supp. 2d 1, 6-7 (D.D.C. 2006).

The defendants argue that the Government, under *Brady* and Rule 16, has an obligation to turn over all materials it knows to be in the possession of government

7

agencies that contain exculpatory information or information material to the defendants' defense. The defendants further argue that the Government should be ordered to identify the information contained in its multi-million page production that the prosecution believes is exculpatory or impeach a Government witness. The Government, in its response, has identified the following agencies as participating in its investigation of the defendants:

1. United States Attorney's Office for the Western District of Virginia;
2. Department of Justice, Civil Division, Consumer Protection Branch;
3. Department of Justice, Civil Division, Commercial Litigation Branch;
4. Food and Drug Administration, Office of Criminal Investigations;
5. Department of Health and Human Services, Office of Inspector General, ("HHS");
6. United States Postal Service, Office of Inspector General; and
7. Virginia Attorney General's Office, Medicaid Fraud Control Unit.

Futhermore, the Government has represented that it has provided the defendants with "all arguably exculpatory and impeaching information" known to, and in the possession of, the members of the investigative team.

Based on the relevant case law, the court holds that the Government's duty is no broader than what it has performed: provision of exculpatory, impeaching and material information known to, and in the possession of, the members of its investigative team. That being the case, the court finds that there is no basis for the issuance of an order compelling further disclosure.

8

The defendants' motion to compel seeks an order for the Government to gather and disclose information from various branches of HHS and other law enforcement agencies of the Department of Justice, which the Government has stated were not involved in its investigation and are not involved in this prosecution. The defendants cite numerous examples of "relevant" information that it knows is in the hands of these various agencies. It is important to note that the Government has no obligation to turn over "relevant" information. *Brady* requires the disclosure of exculpatory evidence, and Rule 16 requires the disclosure of documents "material to preparing the defense." FED. R. CRIM. P. 16(a)(1)(E)(1). It is not enough that the evidence "bear[] some abstract logical relationship to the issues in the case…." *United States v. Ross*, 511 F.2d 757, 762-63 (5th Cir. 1975). It is also important to note that the language of the defendants' own Memorandum In Support Of Defendants' Motion To Compel reveals that the defendants are asking the court to adopt a standard that requires the Government to actively search for information that might be relevant or exculpatory held by any federal agency. ("…[T]he government is *likely to find after a search* of these HHS materials not just documents that are material to Indivior's defense under Rule 16, but also exculpatory material subject to production under *Brady*." (Docket Item No. 118 at 10 (emphasis added).) Furthermore, *Brady* does not require the Government to disclose evidence, even if it is exculpatory, already known by the defense. *See Fullwood v. Lee*, 290 F.3d 663, 686 (4th Cir. 2002). *Brady* also does not require the Government to disclose publicly available information. *See United States v. Catone*, 769 F.3d 866, 872 (4th Cir. 2014).

Insofar as the motion to compel seeks to require the Government to specifically identify exculpatory or impeachment evidence contained in its disclosures, this court can find no Fourth Circuit opinion imposing such an obligation – and defense counsel have cited no such opinion. While some district

9

courts have required such an identification in specific circumstances, the court does not find that the circumstances here warrant such an obligation. Furthermore, such a rule would impose a heavy burden on prosecutors. *See Spicer v. Roxbury Corr. Inst.*, 194 F.3d 547, 555 (4th Cir. 1999) (*Brady* did not create full-scale constitutionally mandated discovery right for criminal defendants).

**ENTERED**: October 16, 2019.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

10

Case 1:19-cr-00016-JPJ-PMS   Document 220   Filed 10/16/19   Page 10 of 10   Pageid#: 1629