UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:19-cr-00016 |
| INDIVIOR INC. (a/k/a Reckitt Benckiser ) | |
|   Pharmaceuticals Inc.) and ) | |
| INDIVIOR PLC ) | |

### UNITED STATES' RESPONSE IN OPPOSITION TO
### INDIVIOR'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

The United States of America ("United States") opposes the Objections to the Memorandum Order Denying Defendants' Motion to Compel and Motion for Bill of Particulars (Doc. 226) ("Objections") filed by Defendants Indivior Inc. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and Indivior plc (collectively, "Indivior") as follows.

### LAW AND ARGUMENT

The Magistrate Judge's Order (Doc. 220) correctly applies the law and contains no factual errors. There is no basis to reverse it. The United States rests on the briefs it submitted to the Magistrate Judge (Docs. 146 and 164) and the following summary response to Indivior's Objections.

**A.    Indivior's Argument to Compel Relies on a Misreading of *Brady* and *Kyles***

Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419 (1995), the prosecution must supply the defense with evidence favorable to the accused of which the prosecution has actual or constructive knowledge. Here, the prosecution consists of agents, attorneys, and investigators from the United States Attorney's Office for the Western District of Virginia ("USAO"); Department of Justice, Civil Division, Consumer Protection Branch ("CPB"); Department of Justice, Civil Division, Commercial Litigation Branch, Fraud Section

("CLB"); Food and Drug Administration, Office of Criminal Investigations ("FDA-OCI"); Department of Health and Human Services, Office of Inspector General ("HHS-OIG"); United States Postal Service, Office of Inspector General ("USPS-OIG"); and Virginia Attorney General's Office, Medicaid Fraud Control Unit ("MFCU").

The prosecution has duly supplied Indivior with all evidence arguably favorable to the accused known to these offices. This includes evidence the prosecution learned of and obtained, in the course of its investigation, of other government offices and personnel not involved in conducting the investigation, such as documents of the FDA's Center for Drug Evaluation and Research ("CDER"), which the prosecution extracted from a server; statements of the Director of the Centers for Disease Control and Prevention's Medication Safety Program ("CDC"), which the prosecution obtained in an interview; and publicly available materials of the Substance Abuse and Mental Health Services Administration ("SAMHSA") and Drug Enforcement Administration ("DEA"). The fact that the prosecution obtained materials of these offices does not mean these offices were involved in conducting the investigation, and in fact they played no role in conducting the investigation. Accordingly, the prosecution has fulfilled its obligations under *Brady* and *Kyles*.

Indivior incorrectly argues that where the prosecution obtains materials of other government offices and personnel not involved in conducting an investigation, the prosecution assumes constructive knowledge of <u>all other arguably relevant</u> materials of those offices and personnel pursuant to *Kyles*, and an obligation to <u>search</u> those offices and personnel for any evidence favorable to the accused they <u>might</u> have and produce it pursuant to *Brady*. Indivior's argument misreads *Kyles* and *Brady*, and bypasses the case law applying them to advocate for an amorphous discovery obligation untethered to the underlying constitutional right.

In *Kyles*, personnel from the police department that investigated the case failed to submit to the prosecutor, who in turn failed to disclose to the defense, eyewitness statements taken by the police at the crime scene, an informant's statement to the police, and a list of cars parked at the crime scene (which did not include the defendant's car), all of which were favorable to the accused. *Id.* at 438-41. The Court held that the prosecutor had constructive (or, "imputed") knowledge of these items because the police department was part of the prosecution, and since the items were favorable to the accused, the prosecutor had a *Brady* obligation to give them to the defense. The Court did not suggest (and has never suggested) that, had the prosecution obtained and disclosed materials of other government offices and personnel not involved in conducting the investigation, such as the municipal sanitation authority and the director of taxation, the prosecutor would have assumed constructive knowledge of all other arguably relevant materials they had, and a *Brady* obligation to search them for any evidence that might be favorable to the accused.

Rather, courts applying *Kyles* have held that prosecutors have constructive knowledge of evidence known to the offices conducting the investigation, but not other offices or entire governmental departments, noting that overbroad *Kyles* imputation could create unending, paralyzing obligations. *See, e.g.*, *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) ("the imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would . . . condemn the prosecution of criminal cases to a state of paralysis" (quotations omitted)). And courts applying *Brady* have held that the prosecution is not required to search other government offices or personnel based on a defendant's speculation that they might have relevant materials; rather, only materials known to be favorable to the accused are covered. *See, e.g.*, *United States v. Caro*, 597 F.3d 608, 619-22

(4th Cir. 2010) ("*Brady* requests cannot be used as discovery devices," and where a defendant "can only speculate as to what the requested information might reveal, he cannot satisfy *Brady*'s requirement of showing that the requested evidence would be favorable to [the] accused").

Finally, contrary to Indivior's contentions, the prosecution did not "bury its head in the sand," or "pick and choose favorable evidence" of other government offices. Quite the opposite, the prosecution affirmatively sought, obtained, produced, and has discussed with Indivior the very evidence the company claims is favorable to the accused of the CDER, CDC, SAMHSA, and DEA, none of which is conducting the investigation. The Constitution does not require the prosecution to search these offices.

**B.     The Indictment Sufficiently Informs Indivior of the Essential Elements**

The purpose of a bill of particulars is to provide the defendant with essential details omitted from an indictment. *See*, *e.g.*, *United States v. Anderson*, 481 F.2d 685, 690-91 (4th Cir. 1973); *United States v. Palin*, No. 1:14-cr-23, 2015 WL 6134128, at *6 (W.D. Va. Oct. 16, 2015). Here, the Superseding Indictment (Doc. 115) contains more than 100 paragraphs of particulars, complete with dates, locations, descriptions, and quotations. Nevertheless, Indivior seeks an order requiring the United States to exhaustively identify all co-conspirators; exhaustively list all of Indivior's false and fraudulent statements and explain why each is false and fraudulent; and explain how referring patients to a physician, while knowing that the physician issues "clinically unwarranted" prescriptions, in order to profit from the physician's prescriptions to the patients, is fraudulent conduct. The law does not require the prosecution to supply exhaustive lists and explanations.

## CONCLUSION

For the foregoing reasons, and as set forth in the United States' briefs to the Magistrate Judge (Docs. 146 and 164), Indivior's Objections (Doc. 226) should be overruled.

Respectfully submitted,

DANIEL P. BUBAR
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

/s/ Albert P. Mayer, VSB No. 86024
Carol L. Wallack
Randy Ramseyer
Kristin L. Gray
Joseph S. Hall
Garth W. Huston
Janine M. Myatt
United States Attorney's Office
180 West Main Street
Abingdon, VA 24210
Tel:   (276) 628-4161
Fax:   (276) 628-7399
Email: albert.p.mayer@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 13, 2019, I electronically filed the foregoing Response In Opposition to Indivior's Objections to Magistrate Judge's Order with the Clerk of Court via the CM/ECF system, which will send notification of the filing to all counsel of record in this matter.

/s/ Albert P. Mayer, VSB No. 86024