# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 1:19cr00016 |
| Indivior Inc. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and Indivior PLC ) ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Virginia Department of Health Professions, Perimeter Center, 9960 Mayland Drive, Suite 300, Henrico, VA 23233-1463

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A.

| Place: Jones Day<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001-2113 | Date and Time: 12/30/2019 10:00 am |
|---|---|

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

   *(SEAL)*

Date: _____

                                    *CLERK OF COURT*

                                    _____
                                    *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Indivior Inc. and Indivior PLC , who requests this subpoena, are:

James Wooley, 901 Lakeside Ave E, Cleveland, OH 44114, jrwooley@jonesday.com, 216.586.7345;
Leigh Krahenbuhl, 77 West Wacker Dr, Suite 3500, Chicago, IL 60601, lkrahenbuhl@jonesday.com, 312.269.1524

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No. 1:19cr00016

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

### DEFINITIONS

1. "Virginia Department of Health Professions" refers to the Virginia Executive Branch agency in the Health and Human Resources Secretariat and includes the Virginia Board of Medicine, the Virginia Board of Pharmacy, the Enforcement Division, and all its personnel, agents, attorneys, consultants, representatives, employees, officers, and directors.

2. "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, referencing, contradicting, comprising or concerning.

3. "Records" means information stored either electronically or in physical form, including but not limited to documents; data; e-mails; faxes; tape recordings; affidavits; agreements; correspondence; memoranda; reports; notes; summaries; records of telephone conversations; interviews; and transcripts.

### INSTRUCTIONS

1. The records requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each request to which they respond. The records are to be produced in full and unredacted form.

2. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

3. Use of the word "including" shall be construed to mean "without limitation."

4. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

5. All responsive material should be produced which are known by, possessed or controlled by, or available to the Virginia Department of Health Professions.

### DOCUMENTS AND INFORMATION TO BE PRODUCED

1. The complete Virginia Department of Health Professions file for Dr. ▮▮▮▮ (DEA Number: ▮▮▮▮; Virginia License Number: ▮▮▮▮), including all records relating to any audit or investigation of and any disciplinary action taken against Dr. ▮▮▮▮, any reports submitted by pharmacies to the Virginia Board of Pharmacy or the Enforcement Division regarding prescriptions written by Dr. ▮▮▮▮, any complaints regarding Dr. ▮▮▮▮ submitted to the Department of Health Professions or its Enforcement Division, and any reports of adverse events including, but not limited to, reports of overdoses associated with Dr. ▮▮▮▮.

-1-

2. The complete Virginia Department of Health Professions file for Dr. ███████ (DEA Number: ████████; Virginia License Number: ████████), including all records relating to any audit or investigation of and any disciplinary action taken against Dr. ██████, any reports submitted by pharmacies to the Virginia Board of Pharmacy or the Enforcement Division regarding prescriptions written by Dr. ██████, any complaints regarding Dr. ██████ submitted to the Department of Health Professions or its Enforcement Division, and any reports of adverse events including, but not limited to, reports of overdoses associated with Dr. ██████.