IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

UNITED STATES OF AMERICA

v.          CASE NO. 1:19cr00016

INDIVIOR INC. (a/k/a Reckitt Benckiser
    Pharmaceuticals Inc.) and
INDIVIOR PLC

**DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO
THE MEMORANDUM ORDER DENYING DEFENDANTS'
MOTION TO COMPEL AND MOTION FOR BILL OF PARTICULARS**

In its Response in Opposition to Indivior's Objections (ECF No. 227) (the government's "Response"), the government does not respond to the key issues Indivior raised in its brief submitted to this Court objecting to the Order denying its Motion to Compel and Motion for Bill of Particulars (ECF No. 220) (the "Order"). Instead, the government continues its attempt to sidestep its obligations and mischaracterize Indivior's arguments in contending that they find no basis in the law. Yet Indivior's position made clear in its Motion to Compel that the government has an obligation to produce all known records that are exculpatory and material to Indivior's defense is rooted in clearly established Supreme Court precedent. And in its Motion for Bill of Particulars, Indivior has simply requested the necessary information that courts routinely require the government to provide to close critical gaps in the Indictment.

The records and information Indivior is seeking through these motions are necessary to Indivior's preparation of its defense and its ability to avoid unfair surprise at trial. Without the critical records and information, Indivior will be severely hampered in this effort, and ultimately denied a fair trial. Thus, for the reasons addressed in greater detail in Indivior's briefs submitted to Magistrate Judge Sargent on these motions (ECF Nos. 118, 175, 137, and 185) and in the

- 1 -

Objections filed with this Court (ECF No. 226), Indivior respectfully requests that the Court vacate the Order and grant Indivior's Motion to Compel and Motion for Bill of Particulars.

## I. Motion to Compel

The government's Response highlights the key error in Magistrate Judge Sargent's Order on Indivior's Motion to Compel. Specifically, the government represents to this Court that it has "duly supplied Indivior with all evidence arguably favorable to the accused known to the[] offices" that participated in the investigation. Response at 2. But in doing so, it does not address any of the additional materials repeatedly identified by Indivior that are exculpatory and material to Indivior's defense and that have not yet been produced in this case. *See* Mem. in Support of Def. Mot. to Compel at 8-18 (ECF No. 118); Reply in Support of Def. Mot. to Compel at 4-12 (ECF No. 175); Objections to Mem. Order at 3-5 (ECF No. 226). At no point has the government denied knowledge of these records—it has simply ignored Indivior's repeated requests for production.

Importantly, it is the government's *knowledge* of materials favorable to the defense, rather than the location of the specified documents, that triggers its obligations under *Brady* and Rule 16 to produce. *See Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (addressing the government's obligation to disclose any evidence favorable to the defense that is *known* either to the prosecution or "*known* to the others acting on the government's behalf in the case" (emphasis added)); *United States v. W.R. Grace*, 401 F. Supp. 2d 1069, 1078 (D. Mont. 2005) ("The prosecution is in possession of information held by any government agency provided the prosecution has knowledge of and access to the information. This is so regardless of whether the agency holding the information participated in the investigation."). In large part, the government does not seem to dispute this standard. Instead, it misrepresents what Indivior is asking the government to do. To be very clear, Indivior is *not* asking that the government conduct aimless

searches of government offices not involved in the investigation to identify any evidence favorable to the accused that they <u>might</u> have and then produce it pursuant to *Brady*. *See* Response at 2. Instead, Indivior has clearly identified the defense favorable materials that are already known to the government and subject to production under Rule 16 and *Brady*. Given that the government has knowledge of these specified materials, it must simply ask these agencies for the records and produce them to Indivior. No directionless searches are necessary to fulfill this requirement.

The government explains in its Response that it has already provided certain select materials that were in the possession of other government offices as a part of its *Brady* and Rule 16 productions to Indivior. *Id.* Thus, it is clear the government actually recognizes that it is obligated to produce materials it knows about that are favorable to the defense regardless of where the documents are located. But instead of producing *all* the known records that are exculpatory or material to Indivior's defense from these agencies, the government simply selected a subset of the known materials, leaving behind the others Indivior has identified as subject to production under Rule 16 and *Brady*. The government cannot pick and choose what to produce to a defendant from the universe of known Rule 16 and *Brady* material. It must produce all records and information that are either exculpatory or material to Indivior's defense.

## II. Motion for Bill of Particulars

In ruling on Indivior's Motion for Bill of Particulars, Magistrate Judge Sargent did not address many of the key elements that are lacking in the Indictment that are necessary to Indivior's ability to prepare its defense and prevent undue surprise at trial. *See* Objections to Mem. Order at 8-12. This failure to address these requested particulars that courts routinely order the government to provide was clearly erroneous. In its Response, the government does not offer any justification for its refusal to provide these critical details or Magistrate Judge

Sargent's failure to address them. It simply relies on the length of the Indictment and other, unrelated details included therein in an apparent attempt to justify the omission of other critical information.

Tellingly, the government does not offer any support for its position that it need not identify any of Indivior's co-conspirators or disclose each of the false or fraudulent statements it intends to introduce at trial. *See id.* at 8-10. It similarly refuses, without justification, to offer any clarification for its unsupported claim in the Indictment that Indivior intentionally aided and abetted physicians in prescribing pharmaceuticals in a "careless and clinically unwarranted" manner. *See id.* at 10-12. The government does not contend that it would be onerous or burdensome to do so or that it does not have the information readily available. It apparently just prefers that Indivior "waste precious pre-trial preparation time guessing" about the nature of its charges. *See United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998). These continued attempts to hamper Indivior's effective preparation for trial should not be permitted. Any doubt about the need for a bill of particulars "must be resolved in favor of disclosure and [any] conflicting concerns must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971).

## CONCLUSION

For the foregoing reasons, and for the reasons addressed in Indivior's opening and reply briefs supporting its motions (ECF Nos. 118, 175, 137, and 185) and in the Objections filed with this Court (ECF No. 226), Indivior respectfully requests that the Court vacate Magistrate Judge Sargent's Order and grant its Motion to Compel and Motion for Bill Particulars.

Dated: November 20, 2019

Respectfully submitted,

INDIVIOR INC. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and INDIVIOR PLC

/s/ Thomas J. Bondurant, Jr.
By Counsel

Thomas J. Bondurant, Jr.
**Gentry Locke**
10 Franklin Road SE
Roanoke, Virginia. 24022
(540) 983-9389
bondurant@gentrylocke.com

Jennifer S. DeGraw
**Gentry Locke**
10 Franklin Road SE
Roanoke, Virginia. 24022
(540) 983-9445
degraw@gentrylocke.com

Leigh A. Krahenbuhl (admitted *pro hac vice*)
**Jones Day**
77 West Wacker Drive
Chicago, Illinois 60601
(312) 269-1524
lkrahenbuhl@jonesday.com

James R. Wooley (admitted *pro hac vice*)
**Jones Day**
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7345
jrwooley@jonesday.com

James P. Loonam (admitted *pro hac vice*)
**Jones Day**
250 Vesey Street
New York, New York 10281
(212) 326-3808
jloonam@jonesday.com

Peter J. Romatowski (admitted *pro hac vice*)
**Jones Day**
51 Louisiana Avenue NW

Washington, D.C. 20001
(202) 879-7625
pjromatowski@jonesday.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record, on this 20th day of November, 2019.

/s/ Thomas J. Bondurant, Jr.
Counsel for Defendants