# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:19CR00016 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | **DENYING OBJECTIONS** |
| | ) | |
| **INDIVIOR INC., ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Daniel P. Bubar, Albert P. Mayer, Kristin L. Gray, Joseph S. Hall, Garth W. Huston, Janine M. Myatt, and Carol L. Wallack, UNITED STATES ATTORNEY'S OFFICE, for United States; Thomas J. Bondurant, Jr., and Jennifer S. DeGraw, GENTRY LOCKE, Leigh A Krahenbuhl, James R. Wooley, James P. Loonam, and Peter J. Romatowski, JONES DAY, for Defendants.*

The defendants, Indivior Inc. and Indivior PLC, have filed a Motion for Bill of Particulars and a Motion to Compel the government to provide additional discovery. The magistrate judge denied both motions, and the defendants have objected to her Memorandum Order. As I find that the magistrate judge's findings are neither clearly erroneous nor contrary to law, I will overrule the objections and affirm the Memorandum Order.[1]

---

[1] I will dispense with oral argument because the materials before the court are adequate to allow the court to determine the issues.

I.

The defendants are alleged to have deceived health care providers and benefit programs into believing that the prescription medication Suboxone® (buprenorphine and naloxone) sublingual film ("Suboxone Film") is safer and less susceptible to diversion and abuse than other similar drugs. The Superseding Indictment charges the defendants with: (1) one count of conspiracy to commit mail, wire, and healthcare fraud, all in violation of 18 U.S.C. § 1349; (2) one count of healthcare fraud, in violation of 18 U.S.C. §§ 2 and 1347; (3) four counts of mail fraud, in violation of 18 U.S.C. §§ 2 and 1341; and (4) twenty-two counts of wire fraud, in violation of 18 U.S.C. §§ 2 and 1343.

In their request for a bill of particulars, the defendants seek a catalogue of information that ranges from "[e]very false or fraudulent statement or representation the government intends to introduce at trial" and "[t]he nature of any agreement or agreements supporting the asserted conspiracy charge" to "[a]ny actions attributable to Indivior PLC." Defs.' Mot. Bill of Particulars 1–2, ECF No. 136. The defendants assert that such a bill of particulars is necessary to effectively prepare for trial and to avoid unfair surprise.

In their Motion to Compel, the defendants argue that the government has an obligation to provide relevant and material information in the possession of "*all* agencies," regardless of whether the agency or its subdivision participated in the

investigation.  Mem. Supp. Mot. Compel 1, ECF No. 118.  The defendants note that the government has not produced all such discovery.  The defendants further contend that the government should be required to prepare an index of potentially exculpatory information due to the sheer volume of discovery.

In opposition, the government argues that a bill of particulars is not necessary because the requested information has already been provided in the Superseding Indictment and in discovery.  As for the Motion to Compel, the government maintains that existing precedent does not require the expansive discovery sought by the defendants.  The government also emphasizes that the federal agencies and agency subdivisions listed in the defendants' motion did not participate in the underlying investigation.  The government concludes that it produced the discovery materials in a searchable electronic format to defendants with substantial resources, and it therefore should not be required to identify potentially exculpatory material for the defense.

In her Memorandum Order, the magistrate judge found that a bill of particulars was not necessary due to the details provided in the Superseding Indictment and the amount of discovery provided to the defendants.  The magistrate judge further concluded that the government has no obligation to produce information known to be in the possession of an agency that neither participated in the underlying investigation nor the current prosecution.  The magistrate judge noted

Case 1:19-cr-00016-JPJ-PMS   Document 255   Filed 12/23/19   Page 3 of 13   Pageid#: 1972

that Rule 16 of the Federal Rules of Criminal Procedure only requires disclosure of exculpatory evidence or evidence material to the defense that is not publicly available or already known to the defense, rather than information that might be relevant to their defense. Finally, the magistrate judge held that the government is not required to specifically identify exculpatory or impeachment evidence contained within its disclosures under the circumstances of this case.

## II.

Under Rule 59(a) of the Federal Rules of Criminal Procedure, when a party objects to a nondispositive order of a magistrate judge, I must review the order to determine whether it is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999).[2] An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Dunlap*, 1:12CR00044-004, 2013 WL 30145, at *1 (W.D. Va. Jan. 2, 2013).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a "court may direct the government to file a bill of particulars" upon a defendant's motion.

_____

[2] I have omitted internal quotation marks, alterations, and citations throughout this opinion, unless otherwise noted.

- 4 -

A bill of particulars is intended "to fairly apprise the defendant of the charges against [them] so that [they] may adequately prepare a defense and avoid surprise at trial" but must "not . . . be used to provide a detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). Instead, "[i]t merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996).

Discovery in federal criminal cases is governed by federal statute, the Federal Rules of Criminal Procedure, and case law. *See, e.g.*, 18 U.S.C. § 3500; Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 16, 26.2, and 46(j); *Giglio v. United States*, 405 U.S. 150 (1972) (holding that the government must disclose potential impeachment information for its witnesses); *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the government must disclose potential exculpatory information). Rule 16(a)(1) requires the government to disclose certain evidence to a defendant upon request, including documents, statements by organizational actors, reports of examinations and tests, and opinions of expert witnesses.

Rules 16(a)(1)(E) and 16(a)(1)(F) require disclosure of documentary evidence that is material to a defendant's defense, whereas Rule 16(a)(1)(B) requires disclosure of a defendant's relevant written or oral statements. Evidence is material to preparing the defense "as long as there is a strong indication that it will play an

- 5 -

important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010); *see also United States v. Agurs*, 427 U.S. 97, 109–10 (1976) (noting that "[t]he mere possibility that an item of undisclosed information might have helped the defense . . . does not establish 'materiality' in the constitutional sense.").

The government's obligations under Rule 16(a)(1) are implicated when the evidence is "within the government's possession, custody, or control" and is "material to preparing the defense." *See, e.g.*, Fed. R. Crim. P. 16(a)(1)(B), (D), (E), and (F). However, the government is not required to produce or disclose information if a defendant already has access to the information or if the information is publicly available. *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990) (holding that when "exculpatory information is not only available to the defendant but also lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the benefit of the *Brady* doctrine").

The government's discovery obligations are similar for exculpatory and impeachment evidence, although a wider net of evidence is encompassed due to *Kyles v. Whitley,* 514 U.S. 419 (1995), and its progeny. The Supreme Court held in *Kyles* that the government "has a duty to learn of any favorable evidence *known to the others acting on the government's behalf* in the case, including the police." *Id.*

- 6 -

at 437 (emphasis added). The Fourth Circuit recently interpreted *Kyles* and its effect on the government's discovery obligations, and held that the prosecution is not required to disclose evidence from separate investigations by other law enforcement agencies that are not part of the same investigative team. *United States v. Taylor*, 942 F.3d 205, 225–26 (4th Cir. 2019).

III.

Upon careful consideration of the grounds of the defendants' objection, I do not find that the magistrate judge's decision was clearly erroneous or contrary to law.

*A. Bill of Particulars.*

The decision to grant or deny a motion for a bill of particulars is within the sound discretion of the trial court. *See Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973). I am persuaded by a number of factors, also noted by the magistrate judge, that a bill of particulars is not warranted in this case.

First, the Superseding Indictment returned by the grand jury is far from bare bones or generalized. It contains a forty-six-page long description of the alleged conspiracy and unlawful conduct, as well as thirty-one pages of factual allegations that include dates, descriptions of the individuals involved, and summaries of the interactions. The purpose of a bill of particulars is to obtain sufficient information

about the nature of the charges against the defendants, and I find that the Superseding Indictment in this case satisfies that need.

Second, a "defendant is not entitled to an unnecessary bill of particulars where the underlying objectives of a [Rule 7] motion are fully satisfied by information and formal discovery." *United States v. Ahmad*, No. 1:14cr164 JCC., 2014 WL 2766121, at *8 (E.D. Va. June 18, 2014). I find that not only does the Superseding Indictment sufficiently detail the nature of the charges, but any potential gaps have been filled through the government's extensive disclosures. *See United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 781 (E.D. Va. 2004).

Third, while the defendants cite the size of the government's production as an additional reason to order a bill of particulars, focusing on the sheer volume of documents produced is somewhat misleading. *See United States v. Livingston*, Criminal Case No. 1:15-cr-201, 2016 WL 743399, at *2 (E.D. Va. Feb. 23, 2016) (noting that "[w]hile the volume of discovery can be (and is commonly) a reason to grant a bill of particulars, it must also be the case that the volume obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's preparation for trial"). Although the government has admittedly produced approximately eight terabytes of data, both the Superseding Indictment and the government-produced discovery utilize charts and summaries to organize and distill the information

produced. In addition, the defendants are clearly well-funded and have sufficient assistance to review and analyze the government's production.

Finally, I agree with the magistrate judge's reasoning and conclusion that the defendants are not entitled to additional information as to the conspiracy charges. The Superseding Indictment in this case includes illustrative, if not exhaustive, facts and circumstances that the government may use to prove the alleged conspiracy. An indictment need not lay out all the government's evidence to satisfy due process notice requirements; it must merely list the essential elements and facts. Fed. R. Crim. P. 7(c). The defendants' request for evidence of the "approximate month and year" for "when the agreement took place," the "relevant judicial district" for "where the agreement took place," and the identity of "the individuals or entities entering into the agreement" amount to a demand for direct evidence of a conspiratorial agreement. Defs.' Mot. Bill of Particulars 2, ERCF No. 136.

To the contrary, the government is not required to present direct evidence of the conspiracy agreement at trial because such agreements are rarely formalized and are often proven by circumstantial evidence. *See United States v. Burgos*, 94 F.3d 849, 857–58 (4th Cir. 1996). Consequently, the government also has no obligation to produce such evidence to the defendants for them to adequately prepare for trial.

The defendants' request to obtain the requested bill of particulars appears to be an attempt to compel the government to disclose, as well as commit to, a legal

theory of its case in advance of trial. For these reasons, the objection to the magistrate judge's Memorandum Order denying bill of particulars will be overruled.

### B. *Motion to Compel.*

I similarly agree with the magistrate judge's finding that the defendants' reading of *Kyles* goes beyond the government's discovery obligations in criminal cases. In fact, the Fourth Circuit recently considered a similar request to expansively read *Kyles* in *United States v. Taylor*, 942 F.3d 205 (4th Cir. 2019). In *Taylor*, the investigation and prosecution were conducted by an assistant United States attorney and agents of the FBI. After the defendants had been convicted, they learned that a government witness had been investigated for separate criminal conduct by ATF with a different AUSA in the same U.S. attorney's office. The government witness had been under investigation before the defendants' trial and was eventually indicted. The defendants claimed that the government violated their *Brady* and *Giglio* obligations by failing to disclose this information, as they could have used the information to impeach the individual.

The Fourth Circuit held that imputing knowledge of the ATF agents and a different AUSA to the *Taylor* prosecution team would require the court "to stretch *Brady* beyond its scope and would effectively impose a duty on prosecutors to learn of any favorable evidence known by *any* government agent." *Taylor*, 942 F.3d at

225 (emphasis added).  The Fourth Circuit rejected such an expansion of the government's discovery obligations.  *Id.*

I find that the evidence sought by the defendants is similar to that sought by the defendants in *Taylor* because the information is held by separate agencies and agency subdivisions that were not members of the investigative or prosecution team in this case.  As such, the government cannot be compelled under *Kyles* to produce the requested information.  The various agency subdivisions listed by the defendants in their request did not operate on behalf of the government in *this* case.  It is clear that the purported reports and agency investigations were undertaken as part of the respective agency or agency subdivision's mission and general course of activity.  *See United States v. Velte*, 331 F.3d 673, 680 (9th Cir. 2003) (holding that a government weather station was not acting on the prosecution's behalf in collecting humidity data such that prosecutor would be obligated to disclose such data, particularly where there was no connection between the prosecutor and the weather station).  Therefore, the magistrate judge's order holding that the government is not obligated to disclose such evidence is neither contrary to law nor clearly erroneous.

The Fourth Circuit has not considered whether the participation of one subdivision of an agency obligates other divisions of the parent agency to participate in criminal discovery.  But at least three other circuits have held that the prosecution is not required to produce information possessed by a separate subdivision of a

- 11 -

participating agency when it had no part in the criminal investigation or when the prosecution had no control over the agency officials who physically possessed the documents. *See, e.g.*, *United States v. Pelullo*, 399 F.3d 197, 216–18 (3d Cir. 2005), *as amended* (Mar. 8, 2005) (holding that a separate agency unit within the same parent agency as the investigators was not a member of the prosecution team because they were not "engaged in a joint investigation or otherwise shared labor and resources," so that the government was not obligated to disclose information from that agency to the defendant); *United States v. Casas*, 356 F.3d 104, 116 (1st Cir. 2004) (holding that the prosecution is not obligated to obtain evidence from another agency not under its supervision in the case); *United States v. Morris*, 80 F.3d 1151, 1169–70 (7th Cir. 1996) (same).

Furthermore, it appears that some of the information requested by the defendants is either publicly available, readily accessible from their own contractors, or already known by the defendants. The defendants thus do not have valid *Brady* or *Giglio* concerns as to that requested information. *See Morris*, 80 F.3d at 1170 (finding that the government did not suppress information or have an obligation to turn it over to the defendants because the defendants "knew as much" about the separate agency investigations "as the prosecution team itself did."). Moreover, the defendants recently requested Rule 17(c) subpoenas for much of the information they initially sought from the government. This demonstrates that the defendants

- 12 -

may have an alternative mechanism to obtain the allegedly relevant information. I agree with the magistrate judge that the government is not obligated to disclose the information sought by the defendants.

For these reasons, the objection to the magistrate judge's Memorandum Order denying the Motion to Compel will also be overruled.

IV.

For the foregoing reasons, it is **ORDERED** that the defendants' Objections to the Memorandum Order Denying Defendants' Motion to Compel and Motion for Bill of Particulars, ECF No. 226, are OVERRULED and the Memorandum Order of the magistrate judge, ECF No. 220, is AFFIRMED.

ENTER:    December 23, 2019

/s/  JAMES P. JONES
United States District Judge