IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

UNITED STATES OF AMERICA

v.          CASE NO. 1:19cr00016

INDIVIOR INC. (a/k/a Reckitt Benckiser
    Pharmaceuticals Inc.) and
INDIVIOR PLC

### INDIVIOR'S OBJECTIONS TO ORDER STAYING
### THE GOVERNMENT'S TIME TO RESPOND

Indivior Inc. and Indivior PLC (collectively, "Indivior") respectfully object to Magistrate Judge Sargent's Order entered on December 23, 2019, granting the government's request to stay its response to Indivior's Motion to Dismiss the Superseding Indictment, to Strike Surplusage and for Inspection of Grand Jury Materials. *See* Order, ECF No. 257. That Order—granted immediately before Indivior could respond to the government's motion—made no reference to this Court's Minute Order of December 21, 2019, which required the government to respond to Indivior's motion to dismiss the Superseding Indictment by January 14, 2020. *See* Minute Order, ECF No. 254.

By filing a motion to quash, rather than responding as ordered by the Court, the government has bifurcated proceedings on the motion to dismiss the Superseding Indictment.[1] Judicial economy would be better served by requiring the government simply to raise its untimeliness objections in its response to the motion to dismiss the Superseding Indictment. That route prevents a dual-track proceeding, simplifies the issues, and would require only the

---

[1] Indeed, since the rationale for the stay applies only to the motion to dismiss, it is unclear whether it applies to the motion to strike surplusage and for inspection of grand jury materials, which are intertwined with the discussion of the merits of the motion to dismiss.

District Court to address all relevant issues related to the dispositive motion to dismiss instead of burdening two federal judges with similar and intertwined issues.

Moreover, the government's reliance on a September 10 deadline for filing motions to dismiss is misplaced. That deadline was set in a July 16, 2019 scheduling order that addressed the original Indictment filed April 9, 2019. The Superseding Indictment was not filed until August 14, 2019, and Indivior was not arraigned on the Superseding Indictment until October 4, almost a month after the deadline relied on by the government had passed. Moreover, a motion to dismiss the Superseding Indictment was not ripe until November 19, 2019, when the Court denied Indivior's motion to dismiss the original Indictment with prejudice. Filed almost five months before trial, the motion to dismiss the Superseding Indictment is timely under Federal Rule of Criminal Procedure 12(c)(1). In any event, there is good cause for the Court to consider the motion, which raises significant constitutional issues well in advance of trial.

## I.     BACKGROUND

In April 2019, a grand jury indicted Indivior on 28 counts. ECF No. 3. On July 16, 2019 the Court entered a Scheduling Order that set a September 10 deadline for any motions to dismiss the indictment. ECF No. 79. Well in advance of that deadline, on July 19, Indivior filed a motion to dismiss the original indictment. *See* ECF No. 81. In an effort to moot that motion, on August 14, 2019, the government sought and obtained the Superseding Indictment. ECF No. 115. Indivior was arraigned on the Superseding Indictment on October 4. On that same date, the Court noted that if it granted the motion to dismiss the Original Indictment with prejudice, the Superseding Indictment was "meaningless." Tr. Oct. 4, 2019, ECF No. 200, at 40.[2]

---

[2] Given that the government filed a Superseding Indictment in the midst of briefing on the motion to dismiss, Indivior reserved the right to file a motion to dismiss the Superseding Indictment if the first motion was denied. *See* Def.'s Reply Mem. in Support of Motion to Dismiss the Indictment for Compound Jury Misconduct, at 5 n.7 (Sept. 6, 2019), ECF No. 134 ("If the Court determines that the original Indictment need not be dismissed with

The District Court denied the motion to dismiss the original indictment on November 19, 2019. ECF No. 228. On December 18, Indivior filed the first motion to dismiss or strike surplusage in the Superseding Indictment and for disclosure of grand jury information. ECF Nos. 252-53. The District Court ordered the government to respond by January 14, 2020. Minute Order, ECF No. 254.

Instead of raising any objection to the timeliness of Indivior's motion in its response as scheduled by the District Court, on December 23, the government filed a motion to quash, which, as a non-dispositive motion, was automatically referred to Magistrate Judge Sargent. ECF No. 256. Subsumed within that motion to quash, the government requested a stay of its response to the motion to dismiss until the court addressed its newly filed motion. *Id.* at 1, 6. In its request for a stay, the government did not reference the District Court's Minute Order requiring the government to respond by January 14. Hours later that same day, before Indivior had an opportunity to respond, and likewise without acknowledging this Court's Minute Order setting the date for the government's response, Magistrate Judge Sargent entered an Order granting the government's stay request. ECF No. 257.

## II.     ARGUMENT

Magistrate Judge Sargent's Order did not set forth the ordinary stay considerations to justify staying this Court's Minute Order setting a January 14 response deadline to Indivior's motion. These considerations include "the length of the requested stay, the hardship that the movant would face if the motion were denied, the burden a stay would impose on the

---

prejudice, Indivior respectfully reserves the right to move to dismiss the superseding indictment, for which there are abundant grounds in addition to those asserted with respect to the original Indictment."). The District Court held a hearing on the first motion to dismiss on October 4, where again Indivior raised its right to attack the Superseding Indictment once the court ruled on the first motion to dismiss related to grand jury misconduct, which could have vitiated any need to file a subsequent motion to dismiss. *See* Tr. Oct. 4, 2019, at 38, 40.

nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *Stone v. Trump*, 356 F. Supp. 3d 505, 517 (D. Md. 2018). Nor was Indivior given an opportunity to respond to the government's motion for a stay, which was granted within hours of filing. This Court's Minute Order requiring the government's response by January 14, 2020 should be reinstated on this basis alone.

On the merits, the government's motion to quash should be rejected. The government argues that the pending motion to dismiss the Superseding Indictment is precluded by a September 10 deadline in the Court's July 16, 2019 Scheduling Order, ECF No. 79. But that Scheduling Order deadline was set with respect to the April 9, 2019 Original Indictment. It did not contemplate the Superseding Indictment that was filed a month after the Scheduling Order was entered. In fact, proceedings under the Superseding Indictment did not commence until Indivior was arraigned on the Superseding Indictment on October 4, almost a month after the September 10 deadline that the government seeks to apply to this motion to dismiss the Superseding Indictment. Indeed, at the October 4 hearing the Court invited the parties to "request the Court to make adjustments to the scheduling order," as may be required by the Superseding Indictment. Tr. Oct. 4, 2019, at 4. Such an "adjustment" is especially apt here, where a motion to dismiss the Superseding Indictment was not ripe until the Court denied the motion to dismiss the Original Indictment on November 19.

In all events, there is good cause to consider the motion and no prejudice to the government in doing so. Far from "holding" any motion, Indivior filed its motion to dismiss the Superseding Indictment on December 18, 2019, one month after the Court ruled on the motion to dismiss the Original Indictment and almost five months before trial is scheduled in this case. This is well in advance of the default time allowed to file such motions. Fed. R. Crim. P.

12(c)(1) ("The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing. If the court does not set one, the deadline is the start of trial."). There was no effort to delay filing of the motion to "gain a strategic advantage." *United States v. Mathis*, 932 F.3d 242, 257 (4th Cir. 2019). In fact, it inures to Indivior's benefit to have the motion to dismiss the Superseding Indictment resolved earlier instead of later.

Second, Indivior has "good cause" because the government's charging theory is highly confusing, as recognized by Magistrate Judge Sargent. *See, e.g.*, Tr. Oct. 1, 2019, ECF No. 205, at 33, 36-37, 42-43 (explaining that "this is where my confusion was" and that the aiding and abetting allegations "left me a little confused as to what the alleged illegal conduct was" and whether the conspiracy involved only misrepresentations "that [Suboxone Film] was a safer formulation" or also included a conspiracy charge about doctors prescribing to too many patients or in too high doses, and even suggesting that "the government need[s] to be clearer on that particular allegation"); *see also United States v. Hasan*, 747 F. Supp. 2d 642, 700 (E.D. Va. 2010) (finding good cause for delay in filing motion to dismiss because of "the novelty and complexity of this case, the Government's filing of a Superseding Indictment in the midst of motion practice, the sheer number of motions filed, and the relatively insignificant time of the delay in filing the instant motion"). Moreover Indivior sought to clarify these issues through a bill of particulars, which was denied, *see* ECF No. 255, and thus Indivior cannot be faulted for raising the constitutional issues in the motion to dismiss the Superseding Indictment. *Cf. United States v. Buczkowski*, 458 F. Appx. 311, 317 n.* (4th Cir. Dec. 20, 2011) (holding that defendant did not waive multiplicitous challenge to indictment by not raising it until after trial because it

- 5 –
Case 1:19-cr-00016-JPJ-PMS   Document 263   Filed 12/27/19   Page 5 of 9   Pageid#: 2365

did not become clear that the counts were inescapably multiplicitous until after the government presented its evidence).

Third, there is no prejudice to the government in considering the motion to dismiss, but there is significant prejudice against Indivior in not doing so. The government still has more than four months to prepare for trial on charges it has been investigating for over six years. Indeed, the government has represented since the initial status conference that it was trial ready. Tr. May, 23, 2019, ECF No. 207, at 4.

Indivior, on the other hand, would suffer substantial prejudice if forced to proceed to trial on a constitutionally infirm charging document. Not only is it impermissible to allege that Indivior "aided and abetted" another's fraud without alleging the elements of that principal's fraud, it is highly prejudicial to Indivior, both through the improper insinuation of guilt and through confusion of the jury as to the nature of the alleged underlying fraud. The Superseding Indictment as written violates Indivior's rights under the Fifth and Sixth Amendments, risking lack of jury unanimity and Double Jeopardy problems. We submit this is good cause to hear the motion to dismiss on its merits, rather than relegate these important issues to a motion to quash based on a Scheduling Order that predated the return of the Superseding Indictment.

### III. CONCLUSION

For the foregoing reasons, Indivior respectfully requests the Court lift the stay and consider the merits of the pending Motion to Dismiss the Superseding Indictment, to Strike Surplusage and for Inspection of Grand Jury Materials.

Dated: December 27, 2019               Respectfully submitted,

INDIVIOR INC. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and INDIVIOR PLC

/s/ James P. Loonam
By Counsel

Thomas J. Bondurant, Jr.
**Gentry Locke**
10 Franklin Road SE
Roanoke, Virginia. 24022
(540) 983-9389
bondurant@gentrylocke.com

Jennifer S. DeGraw
**Gentry Locke**
10 Franklin Road SE
Roanoke, Virginia. 24022
(540) 983-9445
degraw@gentrylocke.com

James P. Loonam (admitted *pro hac vice*)
**Jones Day**
250 Vesey Street
New York, New York 10281
(212) 326-3808
jloonam@jonesday.com

Kathryn K. Mizelle (admitted *pro hac vice*)
**Jones Day**
51 Louisiana Avenue NW
Washington, D.C. 20001
(202) 879-3611
kmizelle@jonesday.com

Dia Rasinariu (admitted *pro hac vice*)
**Jones Day**
51 Louisiana Avenue NW
Washington, D.C. 20001
(202) 879-4657
drasinariu@jonesday.com

Peter J. Romatowski (admitted *pro hac vice*)
**Jones Day**

51 Louisiana Avenue NW
Washington, D.C. 20001
(202) 879-7625
pjromatowski@jonesday.com

James R. Wooley (admitted *pro hac vice*)
**Jones Day**
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7345
jrwooley@jonesday.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record, on this 27 day of December, 2019.

/s/ James P. Loonam.
Counsel for Defendants