UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:19-cr-00016 |
| INDIVIOR INC. (a/k/a Reckitt Benckiser | ) | |
| Pharmaceuticals Inc.) and | ) | |
| INDIVIOR PLC | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
INDIVIOR'S OBJECTIONS TO ORDER STAYING
THE GOVERNMENT'S TIME TO RESPOND**

The United States of America ("United States") responds in opposition to the "Objections to Order Staying the Government's Time to Respond" (Doc. 263) ("Objections") filed by Defendants Indivior Inc. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and Indivior plc (collectively, "Indivior") as follows.

The Magistrate Judge's Order (Doc. 257) is logical. Indivior's second motion to dismiss (Docs. 252-53) raises arguments Indivior may have waived by "holding onto" them through briefing and argument of its first motion to dismiss. *See United States v. Mathis*, 932 F.3d 242, 256-57 (4th Cir. 2019) (strategically withholding arguments to raise them late not allowed). The Magistrate Judge's Order stays briefing on Indivior's second motion to dismiss until the waiver issue is resolved – *i.e.*, it sequences the briefing – because the parties need not brief, and the Court need not adjudicate, any arguments Indivior has waived.

Indivior's Objections are illogical: there is no reason to require the United States to respond to Indivior's new arguments if they are waived. Indivior's Objections are also unfair: if Indivior had followed proper procedure and moved to amend the Scheduling Order (Doc. 79) to set a new deadline to attack the Superseding Indictment, the United States likely would have

requested that the amended Scheduling Order limit any such attack to arguments that were unavailable to Indivior on its first motion to dismiss, so Indivior is attempting an end-run around that issue by simply filing its second motion to dismiss three months late, as though there were no Scheduling Order, and attempting to force the United States to respond to it. Finally, Indivior's Objections are improper, plainly exceeding the scope of the Magistrate Judge's Order – which merely stayed a briefing deadline – by airing various other contentions such as Indivior's purported[1] confusion about how referring patients to physicians issuing clinically unwarranted prescriptions to profit on the prescriptions could be part of a health care fraud scheme.

If Indivior wishes to amend the Scheduling Order, it can make a motion to do so. It should not be allowed to strategically withhold arguments, then raise them in a 25-page brief filed three months late amid numerous other pretrial deadlines, and force the United States to respond by opposing the logical sequencing of briefing. Its Objections should be overruled.

Respectfully submitted,

DANIEL P. BUBAR
First Assistant United States Attorney
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

/s/ Albert P. Mayer, VSB No. 86024
Randy Ramseyer
Carol L. Wallack
Kristin L. Gray
Joseph S. Hall
Garth W. Huston
Janine M. Myatt
United States Attorney's Office

---

[1] Indivior's purported confusion seems to be a ruse to attempt to inject other issues into the case without explaining why, in its view, referring patients to physicians issuing clinically unwarranted prescriptions to profit on the prescriptions cannot be part of a health care fraud scheme.

180 West Main Street  
Abingdon, VA 24210  
Tel:  (276) 628-4161  
Fax:  (276) 628-7399  
Email: albert.p.mayer@usdoj.gov


DAVID MORRELL  
Deputy Assistant Attorney General

Matthew J. Lash  
Charles J. Biro  
United States Department of Justice  
Civil Division, Consumer Protection Branch  
950 Pennsylvania Avenue, N.W.  
Washington, DC  20530  
Tel:  202-307-0089  
Email: charles.biro@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on December 30, 2019, I electronically filed the foregoing Response in Opposition to Indivior's Objections to Order Staying the Government's Time to Respond with the Clerk of Court via the CM/ECF system, which will send notification of the filing to all counsel of record in this matter.

/s/ Albert P. Mayer, VSB No. 86024