**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 1:19-cr-00016** |
| **INDIVIOR INC. (a/k/a Reckitt Benckiser** ) | |
| **Pharmaceuticals Inc.) and** ) | |
| **INDIVIOR PLC** ) | |

**UNITED STATES' RESPONSE TO INDIVIOR'S OBJECTIONS TO**
**UNITED STATES' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

**AND**

**UNITED STATES' OBJECTIONS TO INDIVIOR'S**
**PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

The United States of America ("United States") responds to the Objections to Government's Proposed Jury Instructions and Verdict Form (Doc. 384) filed by Defendants Indivior Inc. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and Indivior plc (collectively, "Indivior"), and objects to Indivior's Proposed Jury Instructions (Doc. 385) and Verdict Form (Doc. 383), as follows.

## I. INTRODUCTION

The United States' Proposed Jury Instructions (Doc. 362) and Verdict Form (Doc. 363) are clear and concise, and follow applicable law. Indivior's objections cite dozens of cases, but many of the cases do not support the legal propositions for which Indivior cites them.

Indivior's proposed jury instructions and verdict form contain improper factual commentary on the Superseding Indictment and the evidence, and legal points unsupported by Fourth Circuit law. Such commentary and argument should not be incorporated into the jury instructions or verdict form.

## II.  RESPONSES TO INDIVIOR'S OBJECTIONS TO JURY INSTRUCTIONS

For ease of reference, this Section addresses Indivior's objections to the United States' proposed jury instructions in numerical order by instruction.

### A.  No Objection to United States' Proposed Instructions 1-8

Indivior has not objected to these proposed instructions.

### B.  United States' Proposed Instruction 9 (Corporations)

The United States' proposed instruction concisely explains that a "corporation may be held criminally responsible for acts of its officers, employees, or agents if they were acting within the scope of their authority, or apparent authority, and for the benefit of the corporation," and goes on to elucidate these concepts in plain terms (Doc. 362 at 10).  Indivior objects that the instruction fails to "clearly delineate the three requirements [and] instruct the jury that all three be met as to each agent's action, [thus] the jury could easily be misled as to when it can attach liability to Indivior" (Doc. 384 at 7).  However, Indivior's objection is misguided, because the instruction is accurate; adding sub-sections and verbiage would not clarify it, but rather, would dilute it; and Indivior has cited no legal authority requiring it to be altered.

### C.  United States' Proposed Instructions 10-11 (Conspiracy)

The United States' proposed instructions (Doc. 362 at 11-12) follow the Conspiracy statute, 18 U.S.C. § 371, and explain pertinent concepts plainly.  Indivior objects that these instructions fail "to instruct the jury on the requirement that the government must prove beyond a reasonable doubt that the defendants were members of a single conspiracy" (Doc. 384 at 1-2).  Yet, contrary to Indivior's point, the plain language of United States' proposed instruction does instruct the jury that the government must prove "an agreement."  Thus, it already addresses Indivior's concern.

### D.  United States' Proposed Instruction 12 (Health Care Fraud)

The United States' proposed instruction (Doc. 362 at 13) closely tracks the language of the Health Care Fraud statute, 18 U.S.C. § 1347.  Indivior lodges several objections (Doc. 384 at 2-5), but each is misplaced and/or not supported by legal authority.

Indivior first objects that the instruction fails to clarify that "in connection with" applies to both prongs of the statute.  However, the natural reading of the statute – and in turn the instruction, which closely tracks the statute – is that "in connection with" applies to both prongs.  There is no reason to believe the jury will be confused by the statute itself, and Indivior cites no legal authority for its position that a longer, more convoluted instruction is preferable.

Indivior next objects that the instruction omits the element of materiality, but Indivior's objection is puzzling, because the instruction consistently uses the word "materially."

Indivior further objects that the instruction fails to incorporate a "heightened causation standard."  For this point, Indivior cites *Loughrin v. United States*, 573 U.S. 361 (2014) and *United States v. Chittenden*, 848 F.3d 188, 201 (4th Cir. 2017).  These cases hold that Bank Fraud, 18 U.S.C. § 1344, requires materiality, *i.e.*, that the misrepresentation at issue must be one that would "naturally induce" a bank to part with its property.  Here, the United States' proposed instruction on Health Care Fraud already requires materiality.  Thus, Indivior's point is moot, as the "heightened causation standard" in the cases Indivior cites is materiality, and the jury instruction at issue already requires materiality.

Indivior then objects that the instruction "fails to instruct the jury that a healthcare fraud scheme must 'culminate[] in the submission of a fraudulent claim,'" citing *United States v. Chikvashvili*, 859 F.3d 285, 289 (4th Cir. 2017).  Indivior's objection is wrong on the law, apparently based on a misreading of *Chikvashvili*.  There, the Fourth Circuit held that the Health

Care Fraud statute "does not cabin the term 'scheme or artifice' to the formal act of requesting reimbursement for some false or deceptive charge." The decision then noted in dicta that the scheme culminated in a fraudulent claim, but its discussion did not recognize the submission of a fraudulent claim as an essential element of Health Care Fraud, which would markedly alter the statute. Indivior's further citations are to inapposite cases concerning a distinction, adopted by the Second and Eleventh Circuits but not the Fourth Circuit, to the effect that fraudulently inducing someone to enter into a transaction may not support wire fraud absent deception within the transaction. *See, e.g.*, *United States v. Takhalov*, 827 F.3d 1307, 1313–14 (11th Cir. 2016) (essentially positing that calling someone on the phone and requesting four quarters for a dollar, on the false pretense of a grave need for the quarters, is not wire fraud where the dollar is in fact given for the quarters). This distinction has not been adopted by the Fourth Circuit, and has no application to the instant case.

Indivior next objects that the instruction "fails to instruct the jury that they must be unanimous as to the false or fraudulent representation that forms the basis of any count of conviction." This objection is errant. Indivior cites *United States v. Adams*, 335 F. App'x 338, 348 (4th Cir. 2009), an unpublished Fourth Circuit decision addressing the False Statement statute, 18 U.S.C. § 1001, but that case concerns a different statute, with elements not analogous to those of Health Care Fraud.

Finally, Indivior objects that the instruction "omits that the jury must unanimously agree about the 'components of the scheme to defraud,'" citing *United States v. Smith*, 44 F.3d 1259, 1270 (4th Cir. 1995). However, *Smith* does not stand for that proposition. Rather, in *Smith*, the Fourth Circuit merely recited the fact that in a wire fraud trial, the district court had instructed the jury that the government was not required to prove all of the components of the fraud scheme

alleged in the indictment, but the jury was required to unanimously agree on some components, *i.e.*, the elements.  This factual recitation does not amount to a holding that the jury must agree on particular components of a fraud scheme.

### E.  United States' Proposed Instructions 13-14 (Mail Fraud and Wire Fraud)

The United States' proposed instructions (Doc. 362 at 14-15) again follow the statutes, and Indivior raises many of the same misguided objections discussed above (Doc. 384 at 5-6).

Indivior first objects that these instructions omit a separate element of "specific intent to defraud."  However, in the case Indivior cites for this contention, *United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012), the Fourth Circuit approved an instruction that intent to defraud means "specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else," which is similar to the United States' Proposed Instruction 18 in the instant case, defining intent to defraud as "an intent to deceive or cheat for the purpose of causing some financial loss to another or bringing about some financial gain to oneself" (Doc. 362 at 19).  Accordingly, *Wynn* supports the United States' proposed instruction.

Indivior next objects that the instructions omit materiality, but Indivior's objection is perplexing, as the instructions consistently include the word "materially."

Indivior further objects that the instructions "fail to tie the mailings or wire communications to the dates and events identified in the Superseding Indictment," but such fact-specificity is not required of a jury instruction, and in the context of this case, where the mailings and wires are already itemized in charts in the Superseding Indictment (Doc. 115 at 41-42), would be unduly cumulative and superfluous.  This objection is curious because Indivior's proposed instructions also do not tie the mailings or wire communications to dates and events.

Indivior then repeats its objection that the instructions fail to provide that the jury must unanimously agree on "the components of the scheme," but as explained above, Indivior cites no case that supports its position. The fact that the Fourth Circuit in *Smith* addressed a situation in which a district court arguably gave such an instruction does not signify adoption or requirement of the instruction.

Indivior next contends that these instructions fail "to fully instruct the jury on the need for the use of the mails or wires to be 'closely related' to the scheme." Notwithstanding Indivior's argument, the instructions already convey that and more, as they require that the mails or wires were "for the purpose of executing or attempting to execute the scheme." This is a more exacting standard than "closely related." The case Indivior cites, *United States v. Maze*, 414 U.S. 395, 399 (1974), does not require more than the United States' instruction already provides.

Indivior also reiterates its argument that the instructions fail to incorporate a "heightened causation standard," but as explained above, cases holding that a misrepresentation underlying Bank Fraud must be material do not alter the analysis for Health Care Fraud, which already requires materiality.

Finally, Indivior repeats its objection, based on cases from the Second and Eleventh Circuits but not the Fourth Circuit, to the effect that fraudulently inducing someone to enter into a transaction may not support wire fraud absent deception in the transaction itself. As explained above, this concept has not been adopted by the Fourth Circuit, and does not apply to the facts of the instant case.

**F.  United States' Proposed Instruction 15 (Knowledge)**

The United States Proposed instruction (Doc. 362 at 16) accurately explains the concept of willful blindness.  Indivior contends it is inapplicable here (Doc. 384 at 7), but it may properly apply, depending on the evidence presented at trial.

**G.  United States' Proposed Instruction 16 (Aiding and Abetting)**

The United States proposed instruction (Doc. 362 at 17) accurately explains the concept of aiding and abetting.  Indivior contends it is inapplicable here (Doc. 384 at 7), but it may properly apply, depending on the evidence presented at trial.

**H.  No Objection to United States' Proposed Instruction 17**

Indivior has not objected to this proposed instruction.

**I.  United States' Proposed Instruction 18 (Intent to Defraud)**

Indivior objects that the instruction does not accurately explain "specific intent to defraud" (Doc. 384 at 5, 7).  As discussed above, contrary to Indivior's argument, in the case Indivior cites for its position, *Wynn*, 684 F.3d at 478, the Fourth Circuit approved an instruction that intent to defraud means "specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else."  This is similar to the United States' Proposed Instruction 18 in this case, defining intent to defraud as "an intent to deceive or cheat for the purpose of causing some financial loss to another or bringing about some financial gain to oneself" (Doc. 362 at 19).  *Wynn* does not require a different explanation of the concept.

**J.  United States' Proposed Instruction 19 (Good Faith)**

Indivior objects that the instruction omits that "a belief or an opinion is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an error in management does not rise to the level of

intent to defraud" (Doc. 384 at 6-7).  However, the United States' proposed instruction does encompass that principle, in concise and plain words.  It reads, "[i]f the jury finds that the defendant acted on any occasion solely by virtue of a good faith mistake or carelessness, then he cannot be found guilty of a crime charged in connection with that occasion" (Doc. 362 at 20).

**K.  No Objection to United States' Proposed Instructions 20-21**

Indivior has not objected to these proposed instructions.

### III. RESPONSES TO INDIVIOR'S OBJECTIONS TO VERDICT FORM

The United States' proposed verdict form (Doc. 363) is straightforward.  Indivior objects that it fails to provide for a special verdict as to venue (Doc. 384 at 7-8).  However, Indivior has not cited, and the United States has not found, Fourth Circuit precedent requiring a special verdict on venue under the circumstances presented here.

The Fourth Circuit has held that "venue is not a substantive element of a crime." *United States v. Griley*, 814 F.2d 967, 973 (4th Cir. 1987).  Courts in other circuits addressing defendants' requests for special verdicts on venue have observed that "because venue need not be established beyond a reasonable doubt, submitting the issue to the jury creates confusion by interjecting a lower standard of preponderance of the evidence." *United States v. Hart-Williams*, 967 F. Supp. 73, 76 (E.D.N.Y. 1997) (citations and quotations omitted).  That the parties have not found a Fourth Circuit decision involving a special verdict on venue indicates that it is sufficient to properly instruct the jury on venue.

Furthermore, under the facts of this case, a special verdict on venue would give outsized significance to venue where no significant venue issue exists, as the Superseding Indictment identifies numerous acts in the Western District of Virginia (e.g., Doc. 115 at ¶¶ 61, 77, 103-112, Counts 3-28).  Thus it would be likely to sow confusion (or, "trip up" the jury) while not

meaningfully guarding Indivior's rights.  This is not a case in which venue depends on a tenuous inference or novel theory; rather, many facts establishing venue appear on the face of the charging document.  The United States does not object to a standard instruction on venue, but a lengthy instruction or a special verdict regarding venue is not warranted.

## IV. UNITED STATES' OBJECTIONS TO INDIVIOR'S PROPOSED INSTRUCTIONS

For ease of reference, this Section states the United States' objections to Indivior's proposed jury instructions in numerical order by jury instruction.

### A. Indivior's Proposed Instruction 1 (Separate Counts and Defendants)

The United States objects to this instruction because it is unduly cumulative.  It is redundant of the instructions on the substantive charges, which already provide that to find a defendant guilty of a charge, the jury must unanimously find that the government has proved each element of the charge beyond a reasonable doubt as to that defendant.

### B. Indivior's Proposed Instruction 2 (Unanimous Agreement on Each Element)

The United States objects to the following sentence in this instruction, because the law does not require unanimity as to particular acts.

> For example, if a charge in the indictment contains an element that a defendant committed a particular kind of act, in order to find the defendant guilty, you must agree not only that the defendant committed such an act at some point; you must also unanimously agree as to which specific act satisfies that element.

### C. Indivior's Proposed Instruction 3 (Corporate Liability Generally)

The United States objects to this instruction because it is superfluous and unnecessary.  There is no reason to believe that the jury would deny a corporation "the same fair and conscientious consideration . . . as any other defendant."  The balance of the instruction is

redundant of other instructions, merely reiterating the government's burden of proof. Indivior cites no precedent from any court in the Fourth Circuit regarding this instruction.

### D. Indivior's Proposed Instruction 4 (Corporate Liability for Agents)

The United States objects to this instruction because it is merely an alternative formulation of the United States' proposed instruction on corporate liability, broken into subsections and with added verbiage making it more difficult to understand.

### E. Indivior's Proposed Instruction 5 (*Mens Rea* Elements Defined)

The United States objects to this instruction. Its definition of "willful" to mean "with bad purpose either to disobey or to disregard the law" is too narrow, and is not what the word "willful" means. Likewise, its definition of "intent to defraud" to mean "with the design of unlawfully depriving a health care benefit program of money" is unduly narrow. Further, its definition of "good faith" to mean acting on a "belief or opinion honestly held" is simplistic, as a defendant cannot delude herself into believing a falsehood or turn a blind eye to contrary evidence and then profess to "honestly hold" an opinion. Finally, its statement that it "is the government's burden to prove to you, beyond a reasonable doubt, that the defendant . . . did not act in good faith" is a misstatement of the government's burden.

### F. Indivior's Proposed Instruction 8 (Conspiracy – Single Scheme)

The United States objects to this instruction because it is unduly cumulative. It is redundant of the instruction on the substantive charge of the conspiracy, which already provides that the jury must find "an agreement." The balance of this instruction consists of errant commentary, such as that "[t]he indictment alleges that the defendants engaged in a conspiracy with two purposes[, namely,] to increase prescriptions of Suboxone Film by false representations that Film was safer because it reduced the risk of pediatric exposure and was less subject to

diversion and abuse than other, similar drugs[, and] to aid and abet certain physicians who were prescribing Sub[o]xone and other opioids in a careless and clinically unwarranted manner to get the doctors to switch from writing prescriptions for tablets to Film." This "two purposes" formulation of the case appears in neither the Superseding Indictment nor the evidence. It is unnecessary and presents a danger of confusing the jury. The instruction goes on to comment that "[t]he defendants deny engaging in any conspiracy, deny the statements made about Film were false or fraudulent, and deny aiding and abetting physicians in any manner to prescribe drugs in an improper manner." This is merely argument of Indivior, and should not be incorporated into the jury instructions. This instruction contains further improper observations such as that, "In determining whether or not any single conspiracy has been shown, you must decide whether common overall goals or objectives existed which served as the focal point for the efforts and actions of any members to the agreement and whether there was an overlap of key actors and methods." That is a misstatement of the law, as the jury need not decide on matters like "focal points."

### G. Indivior's Proposed Instruction 9 (Health Care Fraud)

The United States objects to this instruction because, like the preceding instruction, it is replete with commentary and argument of Indivior, such as that "[i]t is the government's burden to prove that the statements were actually false and fraudulent, not the defendants['] burden to substantiate the statements, with clinical studies or otherwise." This commentary presents a danger of confusing the jury regarding the significance of clinical studies, which are part of the evidence, not the legal standard.

This instruction also contains misstatements of law, such as that, "[y]ou must acquit the defendants if you determine that, even if a statement was false, that the government failed to

prove beyond a reasonable doubt that the false statement deprived the health care benefit programs of the nature of the health care benefits or services that they reimbursed." On the contrary, Health Care Fraud does not require proof that programs were actually deprived of services they reimbursed. Moreover, the instruction states, "you must unanimously agree that at least one statement or representation was both false and material," but Health Care Fraud has no such element.

### H. Indivior's Proposed Instruction 10 (Mail and Wire Fraud Generally)

The United States objects to this instruction because it incorporates by reference the same misstatements of law in the preceding instruction.

### I. Indivior's Proposed Instruction 11 (Reliance on Counsel)

The United States objects to this instruction because no advice-of-counsel defense applies to the facts of this case.

### J. Indivior's Proposed Instruction 12 (Venue)

The United States objects to this instruction because it misstates the law. This instruction states that venue is an element of an offense, but the Fourth Circuit has expressly held the opposite, *i.e.*, that venue is not an element. *Griley*, 814 F.2d at 973. The instruction further misstates that "[i]t is not sufficient if some of you agree that a certain act occurred, and that others agree that a different act occurred within the District." The United States has found no support for that proposition. Further, the instruction incorporates a graphic showing all the counties in the Western and Eastern Districts of Virginia, which is confusing as venue requires no analysis of counties or the Eastern District of Virginia.

As explained in Section III, *supra*, Indivior's request for a special verdict on venue ascribes undue significance to venue in a case where the government's theory of venue is

established by numerous specific allegations on the face of the charging document. Indivior's efforts to elevate this issue via a lengthy, winding instruction with overbroad graphics is inconsistent with precedent from courts in the Fourth Circuit. A standard instruction on venue is sufficient.

## V. UNITED STATES' OBJECTIONS TO INDIVIOR'S PROPOSED VERDICT FORM

The United States objects to Indivior's proposed special verdict on venue because it appears designed not to appropriately guard Indivior's venue right, but to "trip up" the jury. Venue in this case is not complex and should not be unduly elevated as a side-issue. As explained in Section III, *supra,* Indivior's request for a special verdict on venue is not supported by case law from the Fourth Circuit, and not commensurate with the facts. No more than a standard jury instruction on venue is warranted.

## VI. CONCLUSION

WHEREFORE, the Court should adopt the United States' Proposed Jury Instructions (Doc. 362) and Verdict Form (Doc. 363), and reject Indivior's Proposed Jury Instructions (Doc. 385) and Verdict Form (Doc. 383).

Respectfully submitted,

DANIEL P. BUBAR
First Assistant United States Attorney
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

/s/ Albert P. Mayer, VSB No. 86024
Randy Ramseyer
Carol L. Wallack
Kristin L. Gray
Joseph S. Hall
Garth W. Huston
Janine M. Myatt
United States Attorney's Office
180 West Main Street

Abingdon, VA 24210
Tel:   (276) 628-4161
Fax:   (276) 628-7399
Email: albert.p.mayer@usdoj.gov

Matthew J. Lash
Charles J. Biro
United States Department of Justice
Civil Division, Consumer Protection Branch
950 Pennsylvania Avenue, N.W.
Washington, DC  20530
Tel:   (202) 307-0089
Email: matthew.j.lash@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on April 8, 2020, I electronically filed the foregoing Response and Objections with the Clerk of Court via the CM/ECF system, which will send notification of the filing to all counsel of record in this matter.

/s/ Albert P. Mayer, VSB No. 86024