**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **REDACTED** |
| | ) | |
| **INDIVIOR INC.** (a/k/a Reckitt Benckiser | ) | Case No. 1:19-cr-00016 |
| Pharmaceuticals Inc.) and | ) | |
| **INDIVIOR PLC** | ) | |

**UNITED STATES' REPLY IN SUPPORT OF**
**MOTION IN LIMINE FOR RULING THAT**
**CERTAIN DOCUMENTS OF INDIVIOR ARE AUTHENTICATED**

Indivior's Response (Doc. 416) ("Response") is the company's latest exercise in evasion. Special Agent Petri's sworn declaration (Doc. 376-3) carried the United States' burden to authenticate the 56 items at issue (*i.e.*, show that each item is what the United States claims it is). Indivior's Response does not rebut the United States' authentication, but rather, invokes side issues as a distraction. This tactic is unavailing.

In the most telling example of Indivior's evasion, 

- 1 -



This illustrates why the United States filed the instant motion *in limine* (Doc. 375), as well as its motion *in limine* regarding the admissibility of Indivior's emails (Doc. 357), and why early pre-trial rulings on these issues are worthwhile. ▮

▮ Indivior's goal is to sow confusion and delay via spurious, surprise objections. The trial should not be obfuscated and prolonged by such tactics.

Further exemplifying Indivior's evasion, Indivior cites the technicality that some of the documents the United States has authenticated are Adobe PDF copies, rather than "native" copies (*e.g.*, in Microsoft Access, Excel, Outlook, or Word format), and thus have different metadata (*i.e.*, hidden electronic identifiers regarding their history). For instance, Special Agent Petri's declaration (Doc. 376-3) states that Exhibit 44 A is an excerpt from Indivior's large (637,529-line) database of sales representative call notes. This is the entirety of Exhibit 44 A:



Indivior argues that the United States has failed to authenticate Exhibit 44 A, because the United States excerpted it from Indivior's database and submitted it as an Adobe PDF copy, rather than submitting a copy of the entire 637,529-line database as an exhibit (Response at 4). However, Indivior's contention does not rebut the United States' authentication.  The item is what the United States claims, namely, an excerpt from Indivior's database.  Its file format is a distinction without a difference, as the excerpt is accurate.  Indivior's contention that, absent identical metadata, it cannot confirm the document's authenticity "without conducting a word-for-word comparison of each altered document, a task that is both time-consuming while it prepares for trial and squarely not its burden under the law" (Response at 2) is misguided as the document spans less than a quarter of a page, and now that the United States has carried its burden to authenticate the document, the burden does shift to Indivior to rebut authenticity. Once the proponent of evidence has authenticated it through a sworn declaration, the opponent cannot defeat the authentication simply by responding, "I don't have time to read this."

To give additional illustrative examples, Exhibit 91 F is a four-page letter, on Indivior letterhead, initialed by Indivior's General Counsel, that Indivior imaged from its own server and gave to the United States; Exhibit 93 A is a two-page email chain between Indivior employees, also imaged by Indivior from its own server and given to the United States; and Exhibit 144 K is a two-page Price Increase Approval Form, on Indivior letterhead, signed by no fewer than five Indivior employees including its President, also imaged by Indivior from its server.  Indivior's position that the United States has failed to authenticate these items, because the fact that they are Adobe PDF copies rather than native copies means Indivior "cannot easily verify the source by which the government obtained them or their accuracy" by reference to metadata (Response at 4-5), is misguided as one need only read the documents to verify their authenticity.

More broadly, Indivior's position that an electronic document cannot be authenticated by sworn declaration, but only through the analysis of metadata, is not supported by any law and could transform authentication from a practical endeavor in the search for truth, to an information-technology game favoring sophisticated and well-heeled litigants.

In sum, the United States carried its burden to show that the documents are what the United States claims they are.  Indivior did not rebut that showing by raising side issues as a distraction.  WHEREFORE, the Court should rule *in limine* that the exhibits are authenticated.

Respectfully submitted,

DANIEL P. BUBAR
First Assistant United States Attorney
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

/s/ Albert P. Mayer, VSB No. 86024
Randy Ramseyer
Kristin L. Gray
Joseph S. Hall
Garth W. Huston
Janine M. Myatt
Carol L. Wallack
United States Attorney's Office
180 West Main Street
Abingdon, VA 24210
Tel:      (276) 628-4161
Email:   albert.p.mayer@usdoj.gov

Matthew J. Lash
Charles J. Biro
United States Department of Justice
Civil Division, Consumer Protection Branch
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:      (202) 514-3764
Email:   matthew.j.lash@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on April 14, 2020, I emailed the foregoing Reply in Support of Motion *in Limine* for Ruling that Certain Documents of Indivior Are Authenticated to the United States District Judge, copying the Clerk of Court and all counsel of record in this matter, consistent with *Bell v. True*, 356 F. Supp. 2d 613, 617, n.3 (W.D. Va. 2005) (to seal non-ex parte material, the party requesting sealing should file a nonconfidential motion, explaining generally why public disclosure should not be permitted, and simultaneously submit the material sought to be sealed to the court, so it may be considered along with the motion).

/s/ Albert P. Mayer, VSB No. 86024